**FILED**
Sep 01, 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Rodolfo Martinez AC1758
SATF
PO Box 5244
Corcoran, CA 93212

(Failure to notify the Court of your change of address may result in dismissal of this action.)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Rodolfo Martinez
  Plaintiff,

v.

(1) Stuart Sherman
(2) Defendant Unknown
(3)
(4)
  Defendant(s).

CASE NO. 1:21-cv-01319-BAM-PC
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331: Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: ____

2. Institution city where violation occurred: SATF/Corcoran, CA

## B. DEFENDANTS

1. Name of first Defendant: **Stuart Sherman**. The first Defendant is employed as: **Warden** at **SATF**.
   (Position and Title) (Institution)

2. Name of second Defendant: ~~Bartlett~~ **Unknown**. The second Defendant is employed as: **Correctional Lieutenant** at **SATF**.
   (Position and Title) (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title) (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title) (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?  ☐ Yes  ☒ No

2. If yes, how many lawsuits have you filed? _____ Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   b. Second prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

   c. Third prior lawsuit:
      1. Parties: _____ v. _____
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) _____

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

Case 1:21-cv-01319-ADA-BAM   Document 1   Filed 09/01/21   Page 3 of 12

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: **Eighth Amendment**

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim I. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   See Pages 9 Then 10

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

5. Administrative Remedies:
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?   ☑ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?   ☑ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?   ☐ Yes  ☑ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _Never Responded To My Appeal._

## CLAIM II

1. State the constitutional or other federal civil right that was violated: N/A

2. Claim II. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other:

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim II. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

N/A

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: N/A

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. Supporting Facts. State as briefly as possible the FACTS supporting Claim III. Describe exactly what each Defendant did or did not do that violated your rights. State the facts clearly, in your own words without citing legal authority or arguments.

   N/A

4. Injury. State how you were injured by the actions or inactions of the Defendant(s).

5. Administrative Remedies.
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☐ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☐ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☐ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking:

See Page 11

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __8/26/21__       ___[signature]___
          DATE                  SIGNATURE OF PLAINTIFF

__Edward B. Spence__
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____

_____

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## INTRODUCTION

This is a deliberate indifference claims (eighth amendment) relief, and monetary damages brought over Defendants deliberate indifference to Plaintiff health and safety. As a result of the deliberate indifference of Defendants, Plaintiff has suffered COVID-19 and is suffering from the after effect of COVID-19.

## II.
## PARTIES

1) Plaintiff is currently, housed at the Substance Abuse Treatment Facility (SATF), under the custody and control of the California Department of Corrections and Rehabilitation (CDCR).

2) Defendant Sherman is the Warden in the CDCR at Substance Abuse Treatment Facility State Prison (SATF). He was responsible for Plaintiff well being, safety and health. Said is being sued in his individual capacity.

3) Defendant Unknown is a Correctional Lieutenant in the CDCR at Substance Abuse Treatment Facility State Prison (SATF), on Facility E. He was responsible for Plaintiff well being, safety and health on Facility E. Said is being sued in his individual capacity.

## III.
## JURISDICTION

4) This is a deliberate indifference claims to redress the deprivation under color of State law rights.

## IV.
## VENUE

5) Venue is appropriate in this Court, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Superior Court of Kings County.

## V.

## FACTUAL ALLEGATIONS

6) Correctional officers on Facility (FAC) E would not and failed to wear their face mask, which they knew or should have known that puts Plaintiff at substantial risk of harm of getting COVID-19.

7) Plaintiff was put in harm way and substantial risk of acquiring COVID-19.

8) Plaintiff feels ill for months after his original infection with COVID-19.

9) Plaintiff continues to have loss of sense of smell.

10) Defendant Sherman and Unknown (Defendants) turned FAC E non-infected Facility E into a quarantine which infected inmates and putting inmates at risk of the contagious virus COVID-19 including Plaintiff in that facility.

11) Plaintiff who's incarcerated have a right to be free from heightened exposure to a serious, easily communicable disease.

12) Defendants are responsible for the failure of prison personnel to take adequate precautions to curb the spread of the covid-19 virus, which has caused Plaintiff to contract the virus.

13) Defendants placed inmates suspected of COVID exposure into a COVID-free housing unit. Defendants jeopardized the health of both said inmates.

14) Defendants allowed staff to work and move throughout the facility, likely transmitting the virus from location to location.

15) Defendants were inconsistent with their COVID screening practices.

16) Defendants were loose with enforcement of the proper use of personal protective equipment (PPE), which led to inadequate basic safety protocols.

17) SATF physical structure generally does not allow for proper isolation of persons potentially infected with an airborne virus.

18) Defendants were deliberate indifference to Plaintiff exposure to COVID-19.

19) Plaintiff was assigned to an eight man cell, who shared restroom with seven other inmates, which precluded effective social distancing measures place Plaintiff at risk of contracting COVID-19.

20) Plaintiff during daily count had to stand within the six feet to another inmate; this precluded the six feet social distancing.

21) Defendants were transferring inmates around the facility, which dramatically increased the risk to inmates for close proximity to both other inmates and guards.

22) Defendants know many of their officers/guards have refused to be vaccinated, leaving vast numbers of inmates to be denied the choice to protect themselves from COVID-19.

23) Social distancing was impossible during sick call, medical appointments and picking up daily meals.

24) Defendants failed to enforce the six feet social distancing.

25) Defendants were deliberate indifference to Plaintiff health and safety by failing to enforce their own policy to not house inmates with inmates that tested positive to COVID-19 and failing to force staff members to wear their mask.

26) Defendants failed to provide sanitation material to disinfect common areas, such as Telephones, Kiosk and dayroom tables.

27) Defendants knew and should have known that COVID-19 is a risk of serious and fatal harm to Plaintiff.

28) Defendants failed to protect Plaintiff and put him at high risk of the contagious virus of the COVID-19.

29) Defendants failed to follow clear guidance from the Center for Disease Control, such as contact tracing.

30) Defendants failed to protect Plaintiff who's in their custody from a new serious communicable disease.

31) If Defendants had followed the Center for disease Control's (CDC) guidelines, they may have reduced the spread of infection to other incarcerated persons (inmates), prison staff, in turn, would have reduced transmission from the prison into the community.

32) Defendants failed to enforce their own policy to force staffs to wear masks.

CIVIL RIGHTS COMPLAINT BY A PRISONER

33) COVID-19 is a novel, highly infectious virus that has been declared a global pandemic, and resulted in lockdowns of entire countries around the globe to stop the spread of the virus.

34) Defendants were allowing infected inmates that worked in the kitchen on FAC E to distribute Plaintiff and inmates daily meals.

35) Defendants were aware that a substantial risk of serious harm existed and their subjective response in failing to enforce their own policy or follow CDC guidelines was so inadequate that it demonstrated an absence of professional judgment.

36) Plaintiff tested positive to COVID-19 on December 7, 2020.

37) Plaintiff filed an administrative appeals complaining of Defendants deliberate indifference conduct.

38) Plaintiff filed his appeals within the time constraints.

39) Plaintiff has exhausted his administrative remedies, because it was unavailable to him.

40) Plaintiff has complied with the **Prison Litigation Reform Act of 1992 (PLRA)** in the requirement of Exhaustion of Inmate Grievances.

## VI.
## EXHAUSTED REMEDIES

41) Plaintiff submitted an appeal on January 4, 2021, and as of today's date, he has not received any response.

42) Plaintiff has exhausted his administrative remedies, based on it is unavailable to him.

## VII.
## CAUSE OF ACTION
(Deliberate Indifference –)

43) Plaintiff refers to and incorporates herein by reference the allegations contained in paragraphs 1 through 42, above.

44) Defendant Sherman and Unknown violated Plaintiff's right to be free from COVID-19 and their actions of intentional failure to enforce their own policies and procedures in preventing COVID-19, was a deliberate indifference conduct.

CIVIL RIGHTS COMPLAINT BY A PRISONER

45) Defendants acted under color and authority of State laws.

46) The actions, omissions and conduct of Defendants demonstrate deliberate indifference. for Plaintiff right to be safe.

47) As a proximate result of Defendants deliberate indifference. Plaintiff has suffered, is suffering and will continue to suffer irreparable damages. based on Defendants intentional failure to enforce their own policies and failure to follow CDC guidelines in preventing the spread of COVID-19.

48) As a direct and foreseeable result of Defendant violation of the Eighth Amendment. Plaintiff has suffered, is suffering and will continue to suffer loss of sense of smell was cause by said Defendants.

49) As a direct and foreseeable result of Defendants deliberate indifference. Plaintiff will probably suffered from unseen health conditions, which will likely cause irreparable harm and permanent harm to Plaintiff.

50) An actual controversy exists between Plaintiff and Defendants concerning their rights. privileges and obligations.

51) Defendants' acts were willful, intentional, malicious, wanton and despicable unconscious disregard of Plaintiff's rights, entitling Plaintiff to an award of exemplary damages.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully prays for relief as follows:

1. Issue a declaratory judgment that Defendant actions complained of herein violated Plaintiff's rights to be free from harm, and as otherwise alleged herein;
2. Award Plaintiff compensatory damages in an amount to be determined at Trial; and
3. Award such others and further relief as the Court deems just and proper.

Dated: August 26, 2021

Respectfully submitted.



## DEMAND FOR JURY TRIAL

Plaintiff herby demands a Trial by jury on all issues triable to a jury.

Dated: August 26, 2021

Respectfully submitted.

*[signature]*