1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO MARTINEZ, | Case No. 1:21-cv-01319-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| S. SHERMAN, *et al.,* | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION |
| Defendants. | (ECF No. 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Rodolfo Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint, filed on September 1, 2021, was screened and Plaintiff was granted leave to amend. Plaintiff's first amended complaint, filed on October 18, 2021 is before the Court for screening. (Doc. 10.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse and Treatment Facility ("SATF"), where the events in the complaint are alleged to have occurred. Plaintiff names Stuart Sherman, Warden, as the sole defendant. Plaintiff claims deliberate indifference to Plaintiff's health and safety in violation of the Eighth Amendment. Plaintiff alleges he has suffered COVID 19 and is suffering from the after effects of COVID 19.

Plaintiff alleges that corrections officers on Facility E would not wear their facemasks which they knew or should have known puts Plaintiff at substantial risk of harm from getting COVID 19. Defendant Sherman was aware that his staff intentionally refused to wear facemasks and he did nothing to end the widespread staff not wearing their masks. Plaintiff and other inmates informed Defendant by letters and grievances that the officers were not wearing facemasks and that the officers were housing inmates who refused to test for COVID with inmates who tested negative for COVID. Defendant failed to investigate the incident and did not punish staff for not wearing their facemasks or housing inmates who refused to test with inmates who tested negative for COVID. Defendant had a duty to know of his staff's actions and

inactions and the misconduct was brought to his attention by Plaintiff.  Defendant failed to investigate, punish or stop staff from misconduct in violation of Plaintiff's constitutional rights. Defendant knew staff was not wearing masks and were refusing to get vaccinated and disregarded the risk to Plaintiff's health and safety.

COVID is a serious and deadly virus and Defendant knew the virus has a substantial risk of harm to Plaintiff but failed to take reasonable measures, such as not housing inmates who refused to test for COVID with inmates who tested negative and not forcing staff to wear masks or discipline staff who refuse to wear masks.  Defendant's actions and inactions shows he failed to respond reasonable to the risk of being infected with COVID.

Plaintiff is not challenging any medical care provided to Plaintiff. Plaintiff felt ill for months after his original infection with COVID.  He continues to have loss of smell.

Defendant Sherman turned FAC E non-infected facility E into a quarantine with infected inmates, putting inmates at risk of COVID 19, including Plaintiff at that facility.

Defendant is responsible for the failure to require personnel to take adequate precautions to curb the spread of COVID 19 virus which caused Plaintiff to contract the virus. Defendant allowed staff to move throughout the facility, placed inmates suspected of COVID into COVID free housing, was inconsistent in COVID screening practices, loose on enforcing proper use of protective equipment.

Defendant is responsible for the failure of prison personnel to take adequate precautions to curb the spread of COVID which caused Plaintiff to contract the virus. Defendant allowed staff to work and move throughout the facility, likely transmitting the virus from location to location.

The physical structure of SATF does not allow for proper isolation of person infected. During daily count, Plaintiff had to stand within six feet to another inmate and could not socially distance or isolate. Defendant was transferring inmates around the facility, increasing the risk of exposure. Defendant knows that officers/guards have refused to be vaccinated, which leave inmates being denied the right to protect themselves. Inmates cannot socially distance during sick call, medical appoints or meals.  Defendant failed to enforce the six feet social distancing.

Defendant failed to provide sanitation material to disinfect common areas, such as phones

3

and dayrooms. Defendant failed to follow clear guidance from CDC, which could have reduced the spread of infection. Defendant allows infected inmates that working in the kitchen on Facility F to distribute Plaintiff and inmates their daily meals.

Plaintiff tested positive to COVID 19 on December 7, 2020.  Plaintiff submitted an appeal on January 4, 2021 and as of the date of the first amended complaint, he has not received a response. Plaintiff state administrative remedies are unavailable to him. Plaintiff has suffered and will continue to suffer from the loss of smell and unseen health problems.

Plaintiff seeks compensatory and punitive damages.  Plaintiff also seeks declaratory relief.

**III.     Discussion**[1]

**A.     Supervisor Liability**

Insofar as Plaintiff is attempting to sue Defendant Warden Sherman, or any other defendant, based solely upon his supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the

---

[1] Plaintiff filed a notice of related cases identifying *Miller v. Sherman*, 1:21-cv-01208-JLT-EPG (PC) and *Jones v. Sherman*, 1:21-cv-01093-JLT-EPG (PC) as cases related to the instant case. Both *Miller* and *Jones* are similar form complaints as the instant case, and these cases were allowed to proceed on cognizable claims.  The rulings in these related cases, however, are not precedent to the instant matter.

moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must...demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washin*gton, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Staple*y, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's conclusory statements, without factual support, are insufficient to state a cognizable claim of supervisory liability. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.  Plaintiff appears to be alleging supervisory liability from a combination of Defendant's personal knowledge of the violations and failure of policies at SATF.  Plaintiff does not allege that Defendant personally participated or directed the alleged violations, and has failed to allege facts to support that Defendant participated in or directed the violations.

Instead, Plaintiff generally alleges that Defendant had notice of the violations. Plaintiff alleges that Defendant "knew" staff was not wearing masks, because Plaintiff and other inmates wrote to Defendant by letters and grievances that the officers were not wearing facemasks and that the officers were housing inmates who refused to test for COVID with inmates who tested negative for COVID.  However, Plaintiff does not allege any facts that Defendant read or saw the correspondence, or what the response by Defendant was to any such correspondence such that the Court could plausibly conclude Defendant was informed by the correspondence. Plaintiff must allege sufficient facts showing that Defendant was aware of both the unconstitutional conditions as well as the wrongful conduct of specific subordinates, and that he failed to act. In fact, Plaintiff alleges he has not received any response to his 602 appeal to Defendant. Plaintiff does not allege

how Defendant would be personally aware of the purportedly unconstitutional conduct of individual staff members through a staff complaint or third level appeal.

Thus, Plaintiff's claim that the Warden had notice and knowledge without factual allegations describing how he came to that knowledge is simply conclusory and is not supported by any factual detail. To state a claim, a complaint must contain sufficient factual detail for the Court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *see also Krainskin v. Nev. Ex rel. Bd. Of Regents of Nev. Sys. Of Higher Educ.*, 616 F.3d 963, 969 (9th Cir. 2010) (dismissing complaint because plaintiff "merely alleged in a conclusory fashion that the officers 'knew or should have known' " of the violation); *Buckley v. Cty. of San Mateo*, 2017 WL 3394747, at *2 (N.D. Cal. Aug. 8, 2017) ("Supervisor defendants are entitled to qualified immunity where the allegations against them are simply 'bald' or 'conclusory' because such allegations do not 'plausibly' establish the supervisors' personal involvement in their subordinates' constitutional wrong." (citing *Iqbal*, 556 U.S. at 675-84)); *Sullivan v. Biter*, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017) ("Conclusory allegations that various prison officials knew or should have known about constitutional violations occurring against plaintiff simply because of their general supervisory role are insufficient to state a claim under 42 U.S.C. § 1983.").

Plaintiff also has failed to plead facts showing that any policy was a moving force behind the alleged constitutional violations. *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation."). A "failure to train" or "failure to supervise" theory can be the basis for a supervisor's liability under § 1983 in only limited circumstances, such as where the failure amounts to deliberate indifference. *See City of Canton v. Harris*, 489 U.S. 378, 387-90 (1989). To establish a failure-to-train/supervise claim, a plaintiff must show that " 'in light of the duties assigned to specific officers or employees, the need for more or different training [or supervision] [was] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers...can reasonably be said to have

been deliberately indifferent to the need.' " *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002) (quoting *Canton*, 489 U.S. at 390).

Plaintiff has failed to "demonstrate that his deprivation resulted from an official policy or custom established by a...policymaker possessed with final authority to establish that policy." The allegations imply that there is a policy requiring staff to wear masks, but that staff is not doing so. Plaintiff also alleges that the officers were housing inmates who refused to test for COVID with inmates who tested negative for COVID. Plaintiff alleges there was a failure of policies. Although Plaintiff makes conclusory allegations that Defendant was aware or should have been aware of the deficient policies, customs or practices, the complaint is devoid of any factual allegations that would demonstrate that Defendant had any such knowledge. As currently pleaded, there are no factual allegations in the first amended complaint which, if proven true, would establish that Defendant, in conscious disregard to an excessive risk to Plaintiff's health, was aware Plaintiff was placed in the same cell after Plaintiff tested negative and others who were positive at the same time, and what actions Defendant took, or was required to take but failed to take, which plausibly allege Defendant was aware of and deliberately disregarded the risk associated with housing the two inmates in the same cell. *See  Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.")

Rather, Plaintiff merely relies on Defendant's responsibility as Warden to operate the prison and ensure the safety and health of the prisoners, but this claim is based on respondeat superior which is not cognizable under section 1983.  *Iqbal*, 556 U.S. at 677. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

 Plaintiff has failed to allege facts demonstrating that each of the policies are themselves repudiations of Plaintiff's constitutional rights. Plaintiff has not sufficiently pled a cognizable claim of supervisory liability based on a constitutionally deficient policy, because supervisory

defendants may not generally be held liable under a respondeat superior theory. *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation.").

Also, while Plaintiffs allege that Defendant acquiesced to the conduct of his subordinates, failed to discipline, and failed to supervise, there are no factual allegations that would plausibly suggest that Defendant was aware of any of the misconduct alleged in the complaint. Bare recitals of the elements of the causes of action are not sufficient to state a supervisory liability claim against Defendant. *Iqbal*, 556 U.S. at 678.

The Court finds that the amended complaint contains no factual allegations by which the Court can reasonably infer that Defendant implemented any policy or was aware of the alleged customs, practices or policies of inaction that are alleged in the complaint. Plaintiff has not included factual allegations that would be sufficient to state a plausible claim of supervisory liability against Defendant. Plaintiff has been unable to cure this deficiency.

**B. Deliberate Indifference to Conditions of Confinement**

Plaintiff presents his Eighth Amendment claims as conditions of confinement claims rather than a deliberate indifference to serious medical needs. He challenges the contraction of COVID due to staff not wearing masks and movement of inmates.

Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation must be, objectively, sufficiently serious." *Id.* (internal quotation marks and citation omitted). Second, "prison officials must have a sufficiently culpable state of mind," which for conditions of confinement claims, "is one of deliberate indifference." *Id.* (internal quotation marks and citation omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837. The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer*, 511 U.S. at 834; *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson*, 217 F.3d at 731. Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety...." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

It is clear that COVID-19 poses a substantial risk of serious harm. See *Plata v. Newsom*, 445 F.Supp.3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners); *see also Williams v. Dirkse*, No. 1:21-cv-00047-BAM (PC), 2021 WL 2227636 (E.D. Cal. June 2, 2021) ("The transmissibility of the COVID-19 virus in conjunction with [the prisoner plaintiff's] living conditions are sufficient to satisfy that 'conditions put the plaintiff at substantial risk of suffering serious harm.' "); *accord Sanford v. Eaton*, No. 1:20-CV-00792-BAM (PC), 2021 WL 3021447, at *7 (E.D. Cal. July 16, 2021);

1   *Benitez v. Sierra Conservation, Center, et al*., No. 1:21-CV-00370 BAM (PC), 2021 WL

2   4077960, at *5 (E.D. Cal. Sept. 8, 2021) (The transmissibility of the COVID-19 virus in

3   conjunction with Plaintiff's living conditions, which he alleges were overcrowded and poorly

4   ventilated, are sufficient to satisfy the objective prong). However, in order to state a cognizable

5   Eighth Amendment claim against the warden, Plaintiff must provide more than generalized

6   allegations that the warden has not done enough regarding masking or prison movement or

7   housing assignment to control the spread. *See Booth v. Newsom*, No. 2:20-cv-1562 AC P, 2020

8   WL 6741730, at *3 (E.D. Cal. Nov. 17, 2020); *see Blackwell v. Covello*, No. 2:20-CV-1755 DB

9   P, 2021 WL 915670, at *3 (E.D. Cal. Mar. 10, 2021) (failure to state a claim against warden for

10   failure to adequately control the spread of COVID-19 in the prison); *McKissick v.* Gastelo, No.

11   2:21-cv-01945-VAP (MAA), 2021 WL 2895679, at *5 (C.D. Cal. Jul. 9, 2021) (plaintiff "must

12   provide more than generalized allegations that Defendants have not done enough to enforce six-

13   feet social and living distancing, or provided sufficient cleaning supplies, in order to control the

14   spread of COVID-19"); *Foster v. Shirley*, 2021 WL 2457655, at *3 (E.D. Cal. June 16, 2021)

15   (plaintiff must allege more than generalized allegations regarding what the warden did not do to

16   control the spread of COVID-19).  The issue is not whether the Warden could do better; the issue

17   is whether Defendant has acted with indifference to the risks posed by COVID-19.

18          Liberally construing the allegations, the transmissibility of the COVID-19 virus in

19   conjunction with Plaintiff's living conditions, as alleged, are sufficient to satisfy the objective

20   prong, i.e., that Plaintiff was "incarcerated under conditions posing a substantial risk of serious

21   harm." The pertinent question in determining whether Plaintiff states a claim is whether

22   Defendants Sherman actions demonstrated deliberate indifference to that risk of harm. The key

23   inquiry is not whether Defendants perfectly responded, complied with every CDC guideline, or

24   whether the efforts ultimately averted the risk; instead, the key inquiry is whether Defendant

25   "responded reasonably to the risk."  *See Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542, at *4

26   (E.D. Wis. Jan. 5, 2021); accord *Benitez, v. Sierra Conservation Center*,  1:21-CV-00370 BAM

27   (PC), 2021 WL 4077960, at *5 (E.D. Cal. Sept. 8, 2021) (same); *Sanford v. Eaton*, No. 1:20-CV-

28   00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (same).

Plaintiff  identifies some measures implemented in order to protect the inmates from the risks of contracting COVID-19, including requiring masking, quarantine isolation designations, COVID screening practices, and housing movement. Plaintiff appears to challenge the failure of these policies and the designation of his housing unit as quarantine. Plaintiff finds fault with how Defendant responded. The actions of Defendant may not have been effective or a "perfect response," but Plaintiff does not adequately allege that Defendant was deliberately indifferent to the spread of the disease. The efforts undertaken demonstrate that Defendant engaged in active conduct to manage the spread of the virus.  Even if the response at SATF has been inadequate, it has not disregarded a known risk or failed to take any steps to address the risk." *Wilson*, 961 F.3d at 843 (6th Cir. 2020); *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 3021447, at *8 (E.D. Cal. July 16, 2021) (failure to state a claim where defendants were trying "alternatives" to manage the situation.)

Moreover, Plaintiff fails to attribute any specific conduct to Defendant, other than that he was the warden and responsible for all actions. Plaintiff's conclusory allegations that Defendant "knew or should of known" of failure to mask and lack of social distancing are insufficient.  As explained, *supra,* supervisor liability is insufficient to state a cognizable claim against these defendants.  The Court is not discounting Plaintiff's concerns about contracting COVID-19. His concerns are valid and significant. However, nothing in his complaint suggests that Defendant disregarded the risk Plaintiff faced. Accordingly, Plaintiff fails to state a claim against the Warden.  Plaintiff has been unable to cure this deficiency.

**C. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a

verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV.    Conclusion and Recommendation

For the reasons stated, Plaintiff's first amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

FURTHER, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __January 12, 2022__          _____ /s/ *Barbara A. McAuliffe*_____
                                        UNITED STATES MAGISTRATE JUDGE

12